Council, please approach. Give us your name and about how much time you need to make your arguments. Good morning. Stephen Gentry. Council, would you step up to the microphone? Good morning. Stephen Gentry from the Office of the State Appellate Defender representing Cornelius Riley. I anticipate that I should be able to make my argument in 10 minutes or so. Margaret Smith, Assistant State's Attorney on behalf of the people of the state of Illinois. I similarly believe I'll take approximately 10 minutes. Thank you very much. Thank you. Mr. Gentry. Thank you, Your Honor. Again, Stephen Gentry representing Cornelius Riley with the Office of the State Appellate Defender. Mr. Riley was convicted of a number of offenses in the circuit court below, including some counts that are not at issue in this case. And these are the counts that he received the larger sentences on. But at issue here are concurrent three-year sentences for three of the lesser Class IV offenses, all of them involving a single possession of a firearm. So the outcome of this case will not be affecting the aggregate sentence that my client is serving. Now, as Mr. Riley argued initially, and the state conceded, two of these three convictions must be vacated under the One Act, One Crime rule. Mr. Riley likewise, since the deciding of People v. Aguilar, concedes that unlawful possession of a handgun is constitutional under the Second Amendment. And so consistent with the state's concession and now Mr. Riley's recognition of the outcome of, in Aguilar, upholding the constitutionality of unlawful possession of a handgun, this court could resolve all the issues in this case by merely vacating the two aggravated UUW counts and maintaining the one count for unlawful possession. Nevertheless, I will address the, as an alternative, the remaining constitutional issues to the two counts of aggravated UUW. Certainly, Mr. Riley recognizes this division's decision in Ramirez-Taylor regarding Section 3C involving the firearm owner's ID card. And Mr. Riley does not have any additional or new arguments related to that section. So would you concede that Taylor and Henderson issued the same day, for all practical purposes, resolved that issue, the FOID card? Well, the Illinois Supreme Court has yet to decide on that, and so I would just simply reserve my client's right to take that up further. But I don't have additional arguments related to that issue. Regarding Section 3I, however, this section cannot withstand constitutional scrutiny because it is a total ban on 18- to 20-year-olds possessing firearms outside the home for self-defense. The only case that I'm aware of that's addressed this in any depth below previously predates Pupil v. Aguilar, and that's the Pupil v. Alvarado, which did uphold this section but did so without the understanding that we now have after Pupil v. Aguilar that the right to possess firearms does extend outside the home. And although Pupil v. Aguilar did cite three cases in support of its finding, that it is constitutional to prohibit the possession of firearms by minors, persons under the age of 18, only one of those cases, which was a U.S. District Court case out of Massachusetts, addressed the possession of firearms by persons under the age of 21. Well, didn't Aguilar address the unlawful possession of a weapon statute by individuals under 21? Well, that does not address individuals under 21. That section prohibits the possession of firearms by minors under the age of 18. Aguilar did not address individuals under the age of 21, which is the basis of the facial constitutional challenge here. So it's that three-year age period that you're talking about? That's correct. That's the distinction. That's correct, Your Honor. And this dates back, as argued in the briefs, to the time of the framers when the Second Amendment came about. And this was in the context of militias, which Heller, by the U.S. Supreme Court, indicated was tied into the individual possession and familiarity with firearms. The Militia Act passed by the first Congress established that all adult males bite free males over the age of 18. Is there anything since that act that would indicate that minors should be able to bear arms, other than for military service? Well, military service is, of course, the modern equivalent of the militias from back then. It's what that has evolved to. And you can certainly be drafted at the age of 18 to be in the military service. You can also voluntarily enlist. You can vote. You can serve on duties, the hallmarks of citizenship. And so they can't drink. That is correct, Your Honor. You don't consider it to be a reasonable regulation for there to be a ban on people under 21 having possessed a firearm? No, Your Honor. It's inconsistent with the intent of the founders in establishing the Second Amendment. I mean, right now we have certainly persons within that age range can serve our country, fight for our country's freedom overseas. And such an individual could end up coming back to Chicago, going to vote in the morning, going to serve on jury duty, and be attacked in the streets of Chicago and not be able to defend himself by possessing a firearm. That, I argue, is not consistent with the intent of the founders in establishing this and is therefore likewise not a reasonable application. These are 18- to 20-year-olds are full citizens in every respect. But fortunately, we don't follow everything the founders did, do we? Certainly not. And so society has changed, and it would be, I think, ill of us to lock ourselves in to an 18th century system in the 21st century, wouldn't it? I agree, and that's why I bring up the scenario that could be happening today with a veteran returning from Afghanistan or somewhere else fighting for our country. But this is not Afghanistan, the streets of Chicago, I hope. It's certainly not Afghanistan, Your Honor, but it's also someplace where. . . But more importantly, we don't want it to become Afghanistan. And that's why it's so important to protect the right of persons to defend themselves and possess firearms in order to do so under the Second Amendment, consistent with Heller and with more recently People v. Aguilar that holds that there is a right to possess firearms for self-defense outside the home. And my argument is that this right extends to 18- to 20-year-olds as well. If there are no further questions from this Court. . . Thank you. Thank you very much. Good morning. May it please the Court, my name is Margaret Smith, and I'm an Assistant State's Attorney representing the people of the State of Illinois. As counsel indicated, there was one act, there was one gun, and so there's only one conviction at issue that can stand. And as counsel basically conceded that the constitutionality of the no FOID card provision is effectively undisputed because it was not addressed in People v. Aguilar, and this Court has addressed and upheld that provision in People v. Heller and People v. Henderson. Under Supreme Court Rule 18, this Court need not address the constitutionality and should not address the constitutionality of subsection 3i, aggravated unlawful use of a weapon under 21, because it does not have to. It's not necessary to the Court's resolution of this case. Does the Court have any questions? So the State's position is don't go there. There's no need to go there. There's no need to address the constitutionality of that provision. And counsel concedes that the no FOID provision is effectively undisputed. So his conviction under that act is that provision is proper, and Supreme Court will ---- That ends the matter right there. Pardon me? Basically that ends the matter right there. Right. We need to go no further. Because Supreme Court Rule 18 says that you should not address constitutionality of an issue unless it's necessary to the resolution of the case. And the ---- that's not ---- the constitutionality of section provision 3i is not necessary to the resolution of this case. Okay. For those reasons and those cited in our briefs, the people respectfully request that this Court affirm defendant's conviction and sentence for aggravated unlawful use of a weapon without possessing a currently valid FOID card. Thank you. Thank you. Mr. Gentry, anything you want to add? Just briefly, Your Honor. My client concedes the unlawful possession of a handgun rather than the section of the FOID card. But other than that, the rest, and thank the Court very much. Thank you very much. Thank you. I must say you both were very succinct. But your briefs were not. And so we have all your arguments there, and I appreciate that. So thank you very much. We'll take it under advisement and stand adjourned.